UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA CAMP,<br><br>    Plaintiff,<br><br>v.<br><br>SEPHORA USA, INC.,<br><br>    Defendant. | Case No. 24-cv-07330-TLT<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>ECF 11 |

Spy pixels allow companies to track when and where their emails were opened. Plaintiff Linda Camp, a recipient of Defendant Sephora USA Inc.'s ("Sephora") marketing emails, claims that Sephora's use of spy pixels violates Arizona's Telephone, Utility and Communication Service Records Act ("TUCSRA"). Arizona courts interpreting the TUCSRA, however, disagree.

Pending before the Court is Sephora's motion to dismiss Plaintiff's complaint. ECF 11. In its discretion, the Court determines that the motion is suitable for decision without oral argument. *See* Civil L.R. 7-1(b).

Having considered the parties' briefs, the relevant legal authority, and for the reasons below, the Court **GRANTS** the motion to dismiss **with prejudice**. The hearing set for January 28, 2025, is hereby **VACATED**.

**I.      BACKGROUND**

Plaintiff brings this class action complaint against Sephora for using spy pixels to gather information about individuals who receive Sephora's marketing emails. Complaint ("Compl."), ECF 1-1. Plaintiff claims Sephora's use of spy pixels violates the TUCSRA. *Id.* ¶¶ 61, 67. In addition, Plaintiff seeks to represent all persons within Arizona who have opened a Sephora marketing email containing a spy pixel. *Id.* ¶ 51.

1    Sephora, a multinational retailer of personal care and beauty products, is a Delaware
2    corporation with its principal place of business in San Francisco, California. *Id*. ¶¶ 2, 10. Plaintiff
3    is an Arizona resident who, within the past two years, has received and opened Sephora's
4    marketing emails. *Id*. ¶¶ 7, 42.

5    Unbeknownst to email recipients, Sephora's spy pixels record email addresses, subject of
6    emails, when an email is opened and read, recipient location, how long a recipient spends reading
7    an email, whether an email is forwarded, whether an email is printed, and what kind of email
8    server a recipient uses. *Id*. ¶¶ 41–42. Sephora's spy pixels give the company insight into an
9    email's performance and allows Sephora to measure activity, track recipient response to a
10   campaign, estimate live statistics, and count recipients who have visited web pages or opened an
11   email. *Id*. ¶¶ 47–48.

12   Defendant moves to dismiss the complaint. ECF 11. Plaintiff timely filed an opposition,
13   ECF 13, and Defendant timely filed a reply, ECF 14.

**II.    JUDICIAL NOTICE**

15   Sephora seeks judicial notice of seven documents relating to the TUCSRA's legislative
16   history: (1) March 27, 2006 Fact for H.B. 2785, (2) April 24, 2006 Arizona Bill Summary for H.B.
17   2785, (3) H.B. 2785, chapter 260; (4) February 22, 2007 House Bill Summary for H.B. 2726, (5)
18   March 2, 2007 Summary for Arizona H.B. 2726, (6) March 12, 2007 Fact Sheet for H.B. 2726,
19   and (7) February 15, 2006 Arizona House Committee Minutes involving H.B. 2785. ECF 11-2;
20   14-1; 15. Sephora also seeks judicial notice of definitions of the term "customer" from (a)
21   dictionary.com and (b) merriam-webster.com. ECF 11-2. Plaintiff did not file an opposition to
22   Defendant's requests for judicial notice.

23   "The Court may judicially notice a fact that is not subject to reasonable dispute because it:
24   (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and
25   readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid.
26   201(b). The Court may "consider materials that are submitted with and attached to the Complaint.
27   [The Court] may also consider unattached evidence on which the complaint 'necessarily relies' if:
28   (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and

1  (3) no party questions the authenticity of the document." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).

Because Plaintiff does not question the authenticity of Sephora's documents, and because the exhibits are matters of public record, the Court grants Sephora's requests for judicial notice. *See Siino v. Foresters life Ins. and Annuity Co.*, No. 20-cv-2904, 2020 WL 8410449, at *3 (N.D. Cal. 2020) ("Because legislative history is a matter of public record, which is not subject to reasonable dispute, the [C]ourt will take judicial notice of this item.") (internal quotation omitted); *Buffin v. City and Cnty. of San Francisco*, No. 15-cv-4956, 2019 WL 1017537, at *8 n.28 (N.D. Cal. 2019) ("[B]ecause courts may take judicial notice of state statutes and their legislative history, plaintiffs' request for judicial notice is GRANTED in its entirety."); *Threshold Enter. Ltd. V. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("Dictionary definitions are also a proper subject for judicial notice."); *Good Meat Project v. GOOD Meat, Inc.*, 716 F. Supp. 3d 783, 807 (N.D. Cal. 2024) ("[D]efendants seek judicial notice of the definition of the word "meat" listed on merriam-webster.com . . . This request is granted to show that the definition of "meat" on the Merriam-Webster website is as stated."). The Court shall take judicial notice of the statements relied on by the parties in these documents.

### III.  LEGAL STANDARD

Pursuant to Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To overcome a motion to dismiss, a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007)). The Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

## IV. DISCUSSION

The TUCSRA provides that "[a] person shall not . . . [k]nowingly procure . . . a public utility record, a telephone record or communication service record of any resident of [Arizona] without the authorization of the customer to whom the record pertains or by fraudulent, deceptive or false means." A.R.S. § 44-1376.01(A)(1). A "communication service record" includes:

> [S]ubscriber information, including name, billing or installation address, length of service, payment method, telephone number, electronic account identification and associated screen names, toll bills or access logs, records of the path of an electronic communication between the point of origin and the point of delivery and the nature of the communication service provided, such as caller identification, automatic number identification, voice mail, electronic mail, paging or other service features.

A.R.S. § 44-1376(1).

Sephora argues the complaint fails to state a TUCSRA claim because (A) Sephora did not procure a record from a communication service provider, (B) Sephora did not procure a communication service record, and (C) Plaintiff failed to allege statutory standing. ECF 11.

### A. Communications Service Provider

Sephora argues that the TUCSRA only prohibits the procurement of records from communication service providers and Plaintiff is not a communication service provider. ECF 11 at 11; 14 at 3–6. Plaintiff argues that the TUCSRA is not limited to communication service providers because the term "communication service provider" does not appear in the TUCSRA statute. ECF 13 at 3–6.

"When interpreting state law, a federal court is bound by the decision of the highest state court." *In re Kirkland*, 915 F.2d 1236, 1238–39 (9th Cir. 1990). "[I]n the absence of convincing evidence that the highest court of the state would decide differently, a federal court is obligated to follow the decisions of the state's intermediate courts." *Id.*

The Arizona Supreme Court has yet to decide whether the TUCSRA is limited to communication services providers. Arizona courts, however, have interpreted the TUCSRA and have held that the statute is limited to communication service providers. *See D'Hedouville v. H&M Fashion USA, Inc.*, Pima County Case No. C20243386, at 3 (Ariz. Super. Ct. Oct. 11,

2024); *Smith v. Target Corp., et al.*, Maricopa County Case No. CV 2024-025462, at 4 (Ariz. Super. Ct. January 10, 2025); *Carbajal v. Home Depot USA, Inc.*, No. 24-cv-00730-PHX-DHC, 2024 WL 5118416, at *3–5 (Ariz. D. 2024).

In *H&M*, the court considered whether H&M's use of email read receipt technology in the company's marketing communications violated the TUCSRA. *H&M Fashion USA, Inc.,* Pima County Case No. C20243386, at 1. In finding that H&M did not violate the TUCSRA, the *H&M* court held that the "definition of communication service provider as stated in the Eavesdropping and Communications Act should be read in harmony with the definitions in TUCSRA because the statutes are of a related subject and define 'communication service record' with identical descriptions." *Id.* at 3.

In *Carbajal*, a federal district court in Arizona considered whether Home Depot's use of spy pixels in the company's promotional emails violated the TUCSRA. *Carbajal*, 2024 WL 5118416, at *1. The court held that the TUCSRA's reference to "communication service record" "does not simply refer to the discrete categories of information listed in the definition (categories that could be said to have been captured by the tracking pixels), but instead refers to records communication service providers maintain about their subscribers." *Id.* at 4. The *Carbajal* court reasoned:

> If the Arizona legislature had intended the TUCSRA to apply to any record about any communication as Plaintiff contends, it could have done so by using the word 'record.' Instead, it used the phrase 'communication service record,' which it lifted verbatim from the Eavesdropping and Communications Act, a statute that applies directly to 'communication service providers.' . . . the Act defines 'communication service provider' to mean 'any person who is engaged in providing a service that allows its users to send or receive oral, wire or electronic communications or computer services.'

*Id*. at 3. The *Carbajal* court then dismissed the plaintiff's TUCSRA claim because the complaint did not allege that Home Depot procured records from a communication service provider. *Id.* at 5; *see also Smith v. Target Corp.*, Maricopa County Case No. CV 2024-025462, at 4 ("The Court finds persuasive Judge Campbell's thorough analysis in *Carbajal v. Home Depot U.S.A., Inc.*").

The Court finds both *H&M* and *Carbajal* persuasive. *See Spitzer v. Aljoe*, No. 13-cv-5442-MEJ, 2016 WL 3279167, at *12 n.5 (N.D. Cal. 2016) ("Federal courts may consider unpublished state cases as persuasive authority"). Similar to the plaintiffs in *H&M* and *Carbajal*, Plaintiff here is not a communication service provider. *Compare* Compl. ¶ 7 ("Plaintiff has received promotional emails from Defendant. Plaintiff has frequently opened emails from Defendant to review promotional materials.") *with* A.R.S. § 13-3001(3) (defining "communication service provider" as "any person who is engaged in providing a service that allows its users to send or receive oral, wire or electronic communications or computer services."). Because Plaintiff fails to allege that Sephora procured a record from a communication service provider, the Court **GRANTS** Sephora's motion to dismiss.

### B. Communication Service Record

Separate from the TUCSRA's communication service provider requirement, Sephora also argues that its marketing emails do not qualify as communication service records under the TUCSRA. ECF 11 at 14–15. Plaintiff argues that the information obtained from Sephora's spy pixels are access logs under the TUCSRA. ECF 13 at 7–9.

Plaintiff's argument has already been rejected by the *H&M* and *Carbajal* courts. As explained in *H&M*:

> The TUCSRA was first enacted in 2006 to respond to concerns that additional security was needed to prevent unauthorized disclosure of information that was held by telecommunications carriers, not direct email marketing . . . This initial focus on telephone records was expanded to include 'communication service records' and 'public utility records.' . . . The Arizona legislature has not amended the statute since 2007, and no Arizona court has interpreted 'communication service record' to include the information gleaned from a tracking pixel.

*H&M Fashion USA, Inc.,* Pima County Case No. C20243386, at 3. Therefore, "when and how an email was opened, how long it was opened, what device was used, the associated IP address of the recipient, and whether it was forwarded – is not a 'communication service record' or a type of 'access log' protected by [the] TUCSRA." *Id*. at 5. "[S]ending marketing emails and collecting

information through tracking pixels . . . [is] simply is not covered by the TUCSRA." *Carbajal*, 2024 WL 5118416, at *5.

Because Sephora's spy pixels are not communication service records under the TUCSRA, the Court **GRANTS** Sephora's motion to dismiss. *See also Mills v. SAKs.com LLC*, No. 23 Civ. 10638 (ER), 2025 WL 34828, at *6 (S.D.N.Y Jan. 6, 2025) ("Recent Arizona court decisions have determined that similar spy pixels do not collect 'communication service records' within the meaning of the Arizona Statute.").

### C. Statutory Standing

Finally, Sephora argues that Plaintiff lacks standing because the SAC fails to allege that she is a customer of a communication service. ECF 11 at 15–16. Plaintiff argues that the SAC sufficiently alleges that she is a customer because Plaintiff frequently opened Sephora's emails. ECF 13 at 9.

The Court finds that the complaint does not adequately allege that Plaintiff is a customer. Although Plaintiff's opposition asserts that her receiving emails "necessarily" means that she is "a customer of a communication service (e.g. Gmail or Yahoo)," ECF 13 at 9, that allegation is missing from the complaint. *See Johnson v. Cty. of Santa Clara*, No. 18-cv-06264, 2019 WL 1597488, at *3 (N.D. Cal. Apr. 15, 2019) ("[A] complaint may not be amended by briefs in opposition to a motion to dismiss.").

## V. LEAVE TO AMEND

Pursuant to Rule 15(a)(2), A party may amend its pleadings with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. This policy is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citation omitted). However, "a district court has discretion to deny leave to amend when there are countervailing considerations such as undue delay, prejudice, bad faith, or futility." *Center for Biological Diversity v. United States Forest Service*, 80 F.4th 943, 956 (9th Cir. 2023) (internal quotation omitted). "Amendment need not be permitted when it would be futile—that is, when no set of facts can be proved under

1   the amendment to the pleadings that would constitute a valid and sufficient claim." *Invenergy*

2   *Thermal LLC v. Watson*, 2024 WL 5205745, at *3 (9th Cir. 2024) (internal quotation omitted).

3         The Court finds leave to amend would be futile because "[t]he conduct at issue – sending

4   marketing emails and collecting information through tracking pixels – [is] simply is not covered

5   by the TUCSRA." *Carbajal*, 2024 WL 5118416 at *5.  Plaintiff's claim that Sephora's use of spy

6   pixels violates the TUCSRA fails as a matter of law.  *See Nietzche as trustee for KRME Int'l Trust*

7   *v. Freedom Home Mortg. Corp.*, No. 19-35876, 2023 WL 2570417, at *1 (9th Cir. 2023)

8   ("[A]mendment would have been futile because plaintiffs' claims fail as a matter of law."); *see*

9   *also Cruz v. Select Portfolio Servicing, Inc.,* No. 19-cv-00283, 2019 WL 2299857, at *6 (N.D. Cal.

10  2019) ("[I]t would be unduly prejudicial to require Defendants to continually litigate claims which

11  fail as a matter of law.").  The Court **DENIES** leave to amend and Sephora's motion is

12  **GRANTED** with prejudice.

### VI. CONCLUSION

      For the foregoing reasons, Defendant's motion to dismiss is **GRANTED** with prejudice.

      This Order resolves ECF 11 and 21.

      The Clerk shall enter judgment of dismissal and close the case.  All future dates are hereby vacated.

      **IT IS SO ORDERED.**

Dated: January 23, 2025

TRINA L. THOMPSON  
United States District Judge